867 F.2d 616
 10 U.S.P.Q.2d 1255
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
NETWORX DATA PRODUCTS CO., INC., Appellant,
v.
DIALIGHT CORPORATION, INC., Appellee
 No. 88-1455.
 United States Court of Appeals, Federal Circuit.
 Jan. 24, 1989.
 
 Before FRIEDMAN, Circuit Judge, BALDWIN, Senior Circuit Judge, and MAYER, Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 This appeal is from the January 29, 1988, decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board (Board) dismissing Networx Data Products Company's (appellant) opposition (No. 72,578) to, and denying its petition to cancel (cancellation No. 15,521) registration No. 1,367,348 by the Dialight Corporation, Inc. (appellee), of the word NETWORX, for use in the sales and marketing of computer protective devices. We affirm.
 
 OPINION
 
 2
 Appellant opposed registration and petitioned for cancellation based on its own use of the mark NETWORX to identify appellant's business activities in consultation and sales services in the field of computers. Appellant asserted priority of use in the mark and the likelihood of confusion resulting from the similiar nature of appellee's business activities as the basis for its opposition and petition to cancel.
 
 
 3
 The question of priority of use is one of fact. The appellant's challenge to the Board's factual findings require us to determine whether these findings are "clearly or manifestly wrong or erroneous." Stock Pot Restaurant, Inc. v. Stockpot, Inc., 737 F.2d 1576, 1578, 222 USPQ 665, 666-67 (Fed.Cir.1984). As has been stated numerous times in the past, this court is a court of review which "will not find the facts de novo " and "[which] is not the place for counsel to retry their cases." Fromson v. Western Lithoplate and Supply Co., 853 F.2d 1568, 1570, 7 USPQ2d 1606, 1608 (Fed.Cir.1988). Therefore, in our review of the arguments and the record below, and particularly in light of the Board's responses to appellant's request for reconsideration, we have found nothing clearly erroneous with the Board's findings and have no reason to disagree with its conclusions.
 
 
 4
 Appellant's failure to raise the issue of abandonment before the Board precludes us from considering it for the first time on appeal. Under the circumstances presented here, we conclude that the Board was not clearly or manifestly erroneous in determining that the appellee was the prior user of the trademark NETWORX.